UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DARLETTE YVONNE HENDERSON,

              Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

              Defendant.

Case No. CV 15-6333 AJW

MEMORANDUM OF DECISION
AND ORDER

**Proceedings**

On August 19, 2015, plaintiff, through her counsel of record, filed this action for judicial review. A Case Management Order ("CMO") was filed on August 26, 2015. [Docket Nos. 1, 9].

Plaintiff received extensions of time, to and including July 31, 2016, in which to provide her portion of the joint stipulation to defendant, and all other deadlines in the CMO were extended accordingly. [Docket Nos. 17, 18, 20]. Plaintiff's counsel filed a motion to withdraw as attorney of record, which was granted. A notice of appearance was filed by new counsel at the same law firm. [Docket Nos. 19-23].

On February 27, 2017, an order to show cause ("OSC") was filed giving plaintiff until March 13, 2017 in which to show cause for failing to comply with the case management deadlines and failure to prosecute this action. The OSC cautioned plaintiff that "**failure to respond to this order within the time allowed, or to show good cause as described in this order, may lead to the dismissal of this action with prejudice. See Fed. R. Civ. P. 41(b).**" [Docket No. 24 (emphasis in original)]. Plaintiff did not respond

to the OSC within the time allowed, nor has she taken any other steps to prosecute this action.

**Discussion**

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with orders, the applicable standard is the same. See, e.g., Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute); Ferdik, 963 F.2d at 1260-1261 (failure to comply with orders).

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); see In re PPA Prod. Liab. Litig., 460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

The second factor—the court's need to manage its docket—also favors dismissal. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and second factors will favor sanctions . . . ."); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket").

1 | The third factor—prejudice to defendants or respondents—also weighs in favor of dismissal. In the absence of a showing to the contrary, prejudice to the defendants or respondents is presumed from unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).

The fourth factor—the availability of less drastic sanctions—also supports dismissal. Plaintiff was warned that failure to show good cause or respond to the OSC within the time allowed could result in the dismissal of this action with prejudice. See In re PPA Prod. Liab. Litig., 460 F.3d at 1229 (explaining that "[w]arning [the plaintiff] that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court, "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

///
///
///

**Conclusion**

A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. <u>See</u> Fed. R. Civ. P. 41(b); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action is dismissed with prejudice.

**IT IS SO ORDERED.**

April 27, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge